# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-828V
Filed: October 26, 2016

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| GARY FAZENBAKER, | \* | **UNPUBLISHED** |
| | \* | Special Master Hamilton-Fieldman |
| Petitioner, | \* | |
| | \* | |
| v. | \* | Attorneys' Fees and Costs. |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner.
Adriana R. Teitel, United States Department of Justice, Washington, DC, for Respondent.

## **DECISION**[1]

On September 8, 2014, Gary Fazenbaker ("Petitioner") petitioned for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that the administration of an influenza ("flu") vaccine on October 5, 2011 caused him to suffer from cellulitis in his shoulder, and a significant aggravation of his multiple sclerosis. Petition at Preamble, filed Sept. 8, 2013. On May 12, 2016, the parties filed a stipulation in which they agreed to an award of compensation to Petitioner. A decision adopting the parties' stipulation was issued that same day.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the purposes espoused in the E-Government Act of 2002. See 44 U.S.C. § 3501 (2012). Each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

On September 29, 2016, Petitioner filed an application for attorneys' fees and costs. Petitioner requested compensation in the amount of $33,472.04 for attorneys' fees and costs, of which Petitioner personally incurred costs in the amount of $38.05. Petitioner's Application at 1, filed Sept. 29 2016.  Respondent filed a response to Petitioner's request for fees and costs on October 17, 2016, stating that based on a survey of fee awards in similar cases and in her experience litigating Vaccine Act claims, a reasonable amount for fees and costs in this case would fall between $20,000.00 and $25,000.00.  Response at 3, filed Oct. 17, 2016.  Respondent cited cases where no expert report was filed and a settlement stipulation was filed within 17 months of the petition.  *Id.*  However, Respondent did not consider that in this matter, Petitioner was required to file an expert report, as she recommended against compensation.  After consulting with an expert, Petitioner's counsel notified the Court that Petitioner will proceed with only his cellulitis claim; thereby, providing the basis for the parties to reach informal resolution of this matter.

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and expert costs in this case and finds that Petitioner's request for fees and costs is reasonable.  Respondent has given the undersigned no reason to believe that Petitioner's request is unreasonable and should fall within her recommended range.  **Accordingly, the undersigned hereby awards the amount of $33,472.04, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Ronald C. Homer, of Conway, Homer & Chin-Caplan for attorneys' fees and costs; and awards the amount of $38.05, in the form of a check payable to Petitioner only.**  In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[2]

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[2] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).